**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| RAMON ELDER,<br><br>Plaintiff,<br><br>v.<br><br>GATES CORPORATION,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. ___<br><br>COMPLAINT FOR PATENT INFRINGEMENT<br><br>DEMAND FOR JURY TRIAL |

Plaintiff, Ramon Elder ("Elder") hereby complains as follows:

## NATURE OF THE CLAIM

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

2. Ramon Elder ("Elder") is an individual who lives and works in Denver, Colorado.

3. Elder is the inventor of United States Design Patent No. D636,817 ("the '817 Design Patent) entitled Timing Belt Instructional Model, which issued on April 26, 2011. (See Exhibit A). Elder owns all right, title, and interest in and has standing to sue for infringement of the '816 Design Patent.

4. Gates Corporation ("Gates") is a Delaware corporation with its corporate headquarters at 1144 15th Street, Suite 1400, Denver CO 80202.

5. Gates transacts business in this judicial district and has committed acts of infringement in this judicial district, including the marketing, sale, offering for sale, and importation of timing belt instructional model products which are accused of patent infringement in this case.

## JURISDICTION AND VENUE

6. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b). Gates transacts business in this district and has committed acts of infringement in this judicial district, at least by offering to sell or selling infringing products to third party customers with retail locations in this judicial district such as Napa Auto Parts and Carquest Auto Parts.

## FACTS

8. Elder sold timing belt instructional model products to Gates from approximately 2010 until 2015. Upon information and belief, Gates purchased 1,000 units of the timing belt instruction model product from Elder at a cost of $93,000 in 2010.

9. Gates continued to purchase timing belt instructional models from Elder from 2010 through May 2015.

10. Gates provides the timing belt instructional model product to retailers of timing belt products such as Napa Auto Parts and Carquest Auto Parts.

11. Gates recognized the importance and success of the Elder timing belt instructional model products in a Field Bulletin dated August 28, 2012 titled "Belt Displays Can Double Your Sales!"

12. After discontinuing its purchases of timing belt instruction model products from Elder in 2015, Gates began making, purchasing, and/or importing infringing timing belt instructional model products.

13. On September 9, 2015, Gates caused a press release to be issued titled "Gates Corporation Introduces New Belt Education Display" announcing its infringing timing belt instructional model

as "its new System Smart Belt Education Display" which "shows how the individual components of the timing and serpentine systems work together and wear at the same rate."

14. From 2010 through 2015, Gates purchased a total of 14,818 units at a cost of $1,393,726.10 from Elder.

**PATENT INFRINGEMENT**

15. Gates has directly infringed claim 1 of the '817 Design Patent by making, using, selling, offering to sell, and/or importing timing belt instructional model products which infringe claim 1 of the '817 Design Patent. To the extent that Gates has not literally infringed all elements of claim 1 of the '817 Design Patent, Gates has infringed claim 1 of the '817 Design Patent under the doctrine of equivalents because the design of the Gates timing belt instructional model is equivalent to claim 1 of the '817 Design Patent in its ornamental aspects.

16. Gates' infringing timing belt instructional model is depicted side by side with Figure 3 of Elder's '817 Design Patent below:

| Figure 3 of the '817 Design Patent | Gates timing belt instructional model |
|---|---|
| <br>FIG.3 |  |

17. Gates' infringement has injured Elder, and he is entitled to recover damages adequate to compensate him for such infringement, but in no event less than a reasonable royalty.

18. Elder has complied with the applicable provisions of 35 U.S.C. § 287. Elder gave actual notice of the '817 Design Patent to Gates. On or about October 2015 Elder sent correspondence to Gates regarding its infringement of his '817 Design Patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Ramon Elder, respectfully requests this Court enter judgment against Gates Corporation and against its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment and order in favor of Ramon Elder that Gates has infringed the '817 Design Patent, and that said infringement was willful;

B. An award of damages adequate to compensate Ramon Elder for the infringement that has occurred (together with prejudgment interest from the date the infringement began), but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to Ramon Elder to pay increased damages up to three times the amount found or assessed under 35 U.S.C. § 284 and his attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. Such other relief that Ramon Elder is entitled to under law and any other relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

***Counsel for Ramon Elder***

/s/ Ralph (Rick) Martin
Ralph (Rick) Martin, CO Bar #20688
Patent Law Offices of
Rick Martin, P.C.
P.O. Box 1839
Longmont, CO 80502

(303) 651-2177
rmartin@patentcolorado.com

David J. Mahalek, IL Bar #6280520
Law Offices of David J. Mahalek
1600 Golf Road
Suite 1200 PMB 1409
Rolling Meadows, IL 60008
(312) 420-0123
dave@mahaleklaw.com